OPINION
PER CURIAM.
Tao Lin petitions for review of a Board of Immigration Appeals (“BIA”) decision dismissing his appeal of the Immigration Judge’s (“IJ”) decision denying his applications for relief from removal. We will deny the petition for review.
Lin is a native and citizen of China who lived in Fujian Province. Lin was detained when he arrived at the Los Angeles, California airport in October 2001. Shortly *423 thereafter, a notice to appear was issued charging that Lin was subject to removal because, at the time of his application for admission, he did not possess a valid entry document. Lin applied for withholding of removal and protection under the Convention Against Torture (“CAT”). Through counsel, Lin conceded at his hearing that his asylum application was untimely.
Lin testified that in May 2001 he and his girlfriend, who was nineteen years old and three months pregnant, applied for a marriage license. Chinese officials rejected the application because his girlfriend was too young to marry. Apparently in an effort to persuade officials to issue the license, Lin’s girlfriend told them that she was pregnant. The officials detained Lin and his girlfriend immediately. Lin’s girlfriend was taken to a family planning office so that an abortion could be performed.
Lin argued with officials and told them that what they were doing was inhumane. Officials detained him at the local police station for two days and beat him by hitting him in the stomach and kicking him. Lin stated that the men told him what he did was illegal, insulted him, and threatened to beat him to death. Lin testified that he was then taken to a family planning office and told that he would be detained and fined. Lin stated that he asked for his girlfriend and child and he was told that his girlfriend had already had an abortion. Lin argued further with officials and, when he had the opportunity, ran out of the office.[1]
Lin fled to his aunt’s house and ultimately came to the United States. He never returned home or saw his girlfriend again. Lin’s girlfriend, who lives in China, has written him letters and has told him that she had an abortion. Lin testified that government officials have been to his house three or four times looking for him. The officials damaged some personal items and used some threatening words. Lin believes that, if he returns to China, he will be detained because officials told him and his family that he had not been punished for what he did. Lin also stated that he must be fined.
The IJ found Lin removable as charged and denied his applications for relief from removal. The IJ concluded that Lin was not eligible for withholding of removal because he did not satisfy the statutory definition of “refugee,” which, in his case, required a showing that he was persecuted on account of his “other resistance” to a coercive population control program. The IJ also concluded that the facts did not support a claim under the CAT.
On appeal, the BIA agreed with the IJ that Lin did not show that any harm he experienced was on account of one of the grounds enumerated in the definition of “refugee.”[2] The BIA recognized that the definition of refugee includes one who has been persecuted for “other resistance” to a coercive population control program.[3] The *424 BIA explained that “other resistance” must be a failure or refusal to comply with official demands to adhere to birth planning policies and found that Lin did not show that he was harmed on account of such resistance. Rather, the BIA found that Lin was detained and mistreated because he impregnated his underage girlfriend.
The BIA also concluded that Lin did not show that he would be persecuted if he returned to China. The BIA explained that there was no evidence that a fine had been assessed, that any fine would be so great as to constitute persecution, or that any fine would be on account of his “other resistance” to China’s family planning policy. The BIA further noted that there was no evidence showing that officials intended to harm him in a way that would constitute persecution or torture. The BIA concluded that Lin had not met his burdens of proof for withholding of removal or protection under the CAT. This petition for review followed.
We review the decision of the BIA where, as here, the BIA did not adopt the IJ’s decision or defer to the IJ’s findings. Voci v. Gonzales, 409 F.3d 607, 612 (3d Cir.2005). We review the BIA’s findings under a substantial evidence standard, which requires that we uphold the BIA’s findings unless the evidence compels a contrary conclusion. Shardar v. Ashcroft, 382 F.3d 318, 323 (3d Cir.2004).
Lin argues in his brief that his asylum application “should have been kept open.” (Pet’r Br. 10.) He asserts that, although his application was untimely filed in 2005, he was ready to file the application in 2003, but he was precluded from doing so by the Immigration Court in New York.[4] Lin did not pursue his asylum claim in his proceedings before the IJ nor did he raise an issue on appeal to the BIA as to the timeliness of his application. We lack jurisdiction to review a claim that an alien has not raised and exhausted in the administrative proceedings. Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003). Moreover, even if Lin had exhausted his claim, we lack jurisdiction to review discretionary determinations regarding whether an untimely asylum application should be excused. Sukwanputra v. Gonzales, 434 F.3d 627, 635 (3d Cir.2006).
To the extent Lin seeks to challenge the BIA’s conclusion that he was not eligible for withholding of removal because he was not persecuted on account of his “other resistance” to a coercive population control program, we agree with the Government that Lin has waived such a challenge. Lin does not advance any legal argument in his brief challenging the BIA’s definition of “other resistance” nor does he contend that his conduct fit within the BIA’s definition. See Lie v. Ashcroft, 396 F.3d 530, 532 n. 1 (3d Cir.2005) (finding appeal of alien’s claim waived where she failed to raise any argument regarding the denial of her claim in her brief).[5]
Finally, Lin argues that the IJ erred in denying his CAT claim because the IJ did not consider in detail the country conditions or the possibility that he may be *425 imprisoned or tortured for illegally departing China, for voicing his opinion, or for violating the family planning policy. As noted above, our review is limited to the BIA’s decision. To the extent Lin seeks to challenge the BIA’s decision, the BIA concluded that the background evidence stating that officials have been known to torture detainees was insufficient to show that Lin was likely to be a victim of torture. The BIA also found no evidence showing that officials intended to harm him in a way that would constitute torture. Lin has not shown that the record compels a contrary conclusion.
Accordingly, we will deny the petition for review.

. Lin's written statement is inconsistent with his testimony. Lin wrote that he went to the family planning office after his release from jail to ask for his girlfriend and that he fled when a security guard was ordered to catch him.

. Noting that the IJ did not make an adverse credibility finding, the BIA assumed Lin's testimony was credible for purposes of his appeal.

. The relevant statutory provision states: [A] person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well *424 founded fear of persecution on account of political opinion.
8 U.S.C. § 1101(a)(42) (emphasis added).

. After Lin’s arrival in California, venue was changed to New York. Venue was changed to New Jersey in 2005.

. We disagree with the Government, however, that we would lack jurisdiction to entertain such a challenge due to Lin’s failure to raise the argument before the BIA. See Lin v. Attorney General, 543 F.3d 114, 126 (3d Cir.2008) (holding court has jurisdiction to consider issue that was not presented to BIA where BIA sua sponte addressed and ruled on the unraised issue).